UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PATRICIA CATONE,

                  Plaintiff,

  -against-                                1:06-CV-0091
                                                    (LEK/RFT )

CLARK BRINK, C.B. ENTERPRISES OF
SARATOGA, INC., MEGAMACS VI OF
GLENS FALLS, LLC, And JASON MATHIS,
                            Defendants.

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

Patricia Catone ("Plaintiff"), brought suit against Clark Brink ("Brink"), Megamacs VI of Glens Falls, LLC ("Megamacs"), C.B. Enterprises of Saratoga, Inc ("C.B."), and Jason Mathis ("Mathis") (collectively, "Defendants"), alleging, as to Brink, Megamacs, and C.B., sexual harassment and, and as to all Defendants, retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e, et seq., Plaintiff also alleges Brink, Megamacs, and C.B. violated New York Executive Law Section 296, by failing to protect her from sexual harassment, that all Defendants created a hostile work environment and engaged in retaliation.  Currently pending before the Court is Defendants' Motion to dismiss.  (Dkt. No. 5).  Upon consideration of the arguments made in support of, and opposition to, the Motion, the Court makes the following determinations.

Defendants Brink, Megamacs, and C.B. are owners, operators, franchisees, managers and

---

[1] For printed publication by the Federal Reporters.

supervisors of a McDonald's restaurant in Queensbury, New York. Complaint (Dkt. No. 1) at 2. Defendant Jason Mathis and Plaintiff were employed at the Queensbury McDonald's operated by Defendants Brink, Megamacs, and C.B. Id. at 3.

Plaintiff alleges that from April 6, 2004 through May 31, 2004, she was continuously harassed by Defendant Mathis. Complaint (Dkt. No. 1) at 3. This conduct allegedly included blowing kisses to Plaintiff and touching Plaintiff's breasts and buttocks against her will. Id. Plaintiff further alleges that she told Defendant Mathis that his behavior was unwelcome, and asked him to stop. Id. According to Plaintiff, the behavior created an abusive and hostile work environment. Id.

Plaintiff further alleges that Brink, Megamacs, and C.B. were made aware of Mathis's ongoing behavior, and that they failed to make any attempt to remedy the hostile environment or to protect her. Id. Additionally, Plaintiff asserts that as a result of her complaints, Defendants retaliated against her. Complaint (Dkt. No. 1) at 6. For example, Plaintiff's hours were cut, she was called a "trouble maker," she was assigned to positions where she and Mathis would be alone together, and she was scheduled to the same work hours as Mathis. Id. The date of the most recent or continuing alleged discrimination is May 31, 2004. Complaint (Dkt. No. 1, Attach. 1, Ex. A) at 14. Plaintiff was a minor at all times during her employment. Complaint (Dkt. No. 1) at 3.

Plaintiff alleges that, as a result of Defendants' conduct, she left her employment at McDonald's, suffered loss of income, loss of self-esteem, and severe mental and emotional distress. Id. at 4.

Plaintiff turned 18 on August 19, 2004. Complaint (Dkt. No. 1, Attach. 1, Ex. A) at 14. On April 11, 2005, 236 days later, and 315 days after the last alleged date of harassment, Plaintiff filed

2

charges with the New York State Division of Human Rights and the Equal Employment Opportunity Commission ("EEOC") regarding Defendants' actions.  Complaint (Dkt. No. 1) at 5. Plaintiff filed her Complaint with this Court on January 24, 2006.  Id. at 1.

## II. Discussion

*A. Rule 12(b)(6) Motion to Dismiss*

A motion to dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* may not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."  Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006) (quoting Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005)). When reviewing a Rule 12(b)(6) motion, the Court must accept the allegations of facts in Plaintiff's complaint as true, drawing all reasonable inferences in her favor, and construe the Complaint liberally.  Gregory v. Daly, 243 F. 3d 687, 691 (2d Cir. 2001).  Where the dates in a complaint show that the action is time barred, a defendant may properly file a Rule 12(b)(6) motion to dismiss for the failure to state a claim for which relief can be granted.  Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989).

*B. EEOC Claim*

Plaintiff does not dispute the fact that her Complaint was filed after the statute of limitations had passed.  Plaintiff does, however, argue that her claim should survive because the statute of limitations should be equitably tolled due to her infancy at the time of the alleged conduct.

*1. Time for Filing Charges with the EEOC*

Title VII requires claimants to file a complaint with the EEOC within 180 days after the alleged unlawful conduct occurred.  42 U.S.C. § 2000e-5(e)(1).  If a claimant has initially instituted

3

proceedings with a state or local agency possessing authority to grant relief, then the complaint must be filed with the EEOC within 300 days after the alleged unlawful conduct occurred. 42 U.S.C. § 2000e-5(e)(1). In states, such as New York, that have an agency possessing authority to address Title VII claims, the appropriate time period for filing with the EEOC is 300 days, if the aggrieved party has initially instituted proceedings with the state agency. Butts v. New York Dep't of Hous. Pres. and Dev., 990 F.2d 1397, 1401 (2d Cir. 1993); Mohasco Corp. v. Silver, 447 U.S. 807, 815 (1980). A plaintiff who fails to file a charge with the EEOC within the 300-day period is generally barred from bringing a suit in federal court. Butts, 990 F.2d at 1401. Failure to file a timely complaint, however, is not a jurisdictional prerequisite to bringing a suit in federal court. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Rather, the timely filing requirement is to be viewed as a "statute of limitations" subject to waiver, estoppel, and equitable tolling. Id. Here, it is undisputed that Plaintiff failed to file a charge with the EEOC within the required 300-day period. The record shows that Plaintiff's charge was filed 315 days after the last alleged date of harassment. Complaint (Dkt. No. 1) at 5. While Plaintiff has missed the filing period, she asks that this Court equitably toll the statute of limitations because she was a minor at the time of the alleged incidents. Memorandum of Law in Opposition (Dkt. No. 12, Attach. 3) at 4.

  *2. Plaintiff's Request for Equitable Tolling*

Plaintiff contends that although her filing of the Complaint was untimely, equitable tolling is warranted because she was an infant at the time the alleged conduct occurred. Memorandum of Law in opposition (Dkt. No. 12, Attach 3) at 1. The burden of justifying equitable tolling lies with the plaintiff, and requires a showing of "extraordinary" circumstances. Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000); Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir. 1985); see also

4

Zerelli-Edleglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (stating that equitable tolling is warranted only in exceptional and rare circumstances).

        *i. Extraordinary Circumstances*

In an attempt to meet the burden of proving extraordinary circumstances, Plaintiff relies on the holding in Tsai v. The Rockefeller Univ. 137 F. Supp. 2d 276 (S.D.N.Y. 2001). In Tsai, an employee sufficiently alleged that physical and mental conditions were present to justify tolling the 300-day filing period. Id. at 282. The physical and mental conditions present in Tsai related specifically to the employee's inability to "protect [her] legal rights because of an overall inability to function in society." Id. Plaintiff's attempt to extend the holding of Tsai to her circumstances is unsuccessful. At no time does the Tsai court discuss or analyze infancy as a sufficient basis for equitable tolling of the EEOC filing period. See id. Plaintiff relies on a statement by the Tsai court that "[t]he question of tolling . . . is guided by state law." Memorandum of Law in Opposition (Dkt. No. 12, Attach. 3) at 3; Tsai, 137 F. Supp. 2d at 281. However, District Courts within the Second Circuit have only turned to state law for guidance in equitable tolling circumstances when there is a case of mental disorder or mental illness. See Lloret v. Lockwood Greene Eng'rs, Inc., No. 97 CIV. 5750(SS), 1998 WL 142326 (S.D.N.Y. Mar. 27, 1998); Hedgepeth v. Runyon, No. 96 CIV. 1161(SAS), 1997 WL 759438 (S.D.N.Y. Dec. 10, 1997); Decrosta v.Runyon, No. 90-CV-1269, 1993 WL 117583 (N.D.N.Y Apr. 14, 1993) (Munson, Senior D.J.).

Courts within the Second Circuit have never recognized infancy as a basis for equitable tolling in Title VII claims, nor is there any express statutory provision exempting minors from the statute of limitations. See 42 U.S.C. § 2000e-5(e)(1). Plaintiff asks this Court to fashion a new

exemption where none exists. Other courts, under similar circumstances, have declined to equitably toll on the basis of infancy. See <u>Ashton ex rel. Ashton v. Okosun</u>, 266 F. Supp. 2d 399, 403 (D. Md. 2003) (holding that "only the legislature can exempt a certain class of people from the effects of the statute of limitations"); <u>Shakhnovskiy v. Courtesy Lumber & Supply Co.</u>, No. 94 C 7038, 1995 U.S. Dist. Lexis 10302 at *4 (N.D. Ill. July 21, 1995) (noting that Title VII does not contain an express provision tolling the statute of limitations for minors, and holding, under similar factual circumstances, that courts should not create an exemption that was intentionally left out by the legislature). Further, Plaintiff has failed to allege how infancy creates circumstances so "extraordinary that the doctrine should apply." <u>Zerelli</u>, 333 F.3d at 82. While the Court is sympathetic to the idea of equitable tolling for infants in instances where they are unaware of their legal rights, Plaintiff fails to allege any facts showing a lack of awareness prevented her from filing a claim. Without any express guidance from Congress or allegations of extraordinary circumstances, this Court is limited in the remedy it is willing to provide.

*ii. Equitable Tolling Due Diligence Requirement*

Additionally, the party seeking to invoke equitable tolling must have "acted with reasonable diligence during the time period which she seeks to have tolled." <u>Zerelli</u>, 333 F.3d at 81. Plaintiff fails to bring to the Court's attention any facts which would indicate that she has met this requirement. Similar to the statement made above, it is possible that the Court may have been willing to grant equitable tolling due to infancy if the due diligence requirement had been met. Here, Plaintiff waited more than 230 days *after* her eighteenth birthday to file a charge, and offers no reasonable explanation for the delay. Without making any attempt to account for her delay, this Court finds that Plaintiff failed to act with reasonable diligence and therefore equitable tolling is not

warranted.

*C. State Law Claims*

Plaintiff also asserts that Defendants violated section 296 of the New York Executive Law because they failed to protect her from sexual harassment, created a hostile work environment, and engaged in retaliation. Complaint (Dkt. No. 1) at 8, 10. The Court declines to exercise supplemental jurisdiction over these state law claims because, as set forth above, none of Plaintiff's federal claims survive Defendants' Motion to dismiss. See 28 U.S.C. § 1367(c)(3); Clissuras v. City Univ. of New York, 90 F. App'x 566, 567-568 (2d Cir. 2004) ("In the absence of any viable federal claims, the district court was well within its discretion in declining to exercise supplemental jurisdiction over Plaintiff's state law causes of action.").

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.
DATED: April 30, 2007
  Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge